```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WILLIAM REYES,

                Petitioner,           **MEMORANDUM & ORDER**

        -against-                     10-cv-2524(KAM)(LB)

THOMAS LAVALLEY, Superintendent,
Clinton Correctional Facility,

                Respondent.
----------------------------------X
```

**MATSUMOTO, United States District Judge:**

On June 1, 2010, *pro se* petitioner William Reyes ("petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1, Petition for Writ of Habeas Corpus, 6/1/2010.) On August 31, 2011, this court referred the case to Magistrate Judge Lois Bloom for a Report and Recommendation. (Order Referring Case, 8/31/2011.) Magistrate Judge Bloom issued her Report and Recommendation on April 9, 2012, in which she recommended that petitioner's application for a writ of habeas corpus, request to stay the case, and to amend the petition should be denied. (ECF No. 11, Report and Recommendation, 4/9/2012 ("R&R").) Petitioner requested an extension of time to file a reply, which Magistrate Judge Bloom granted, giving petitioner until May 21, 2012, to file objections. (ECF Nos. 12-13.) Petitioner filed his

objections to the April 9, 2012 Report and Recommendation on May 25, 2012. (ECF No. 14, Objection, 5/25/2012 ("Objections").)[1]

## DISCUSSION

### I. Legal Standard

To the extent that a party makes specific and timely written objections to a magistrate judge's findings and recommendations, the district court must review *de novo* "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (internal quotation and citation omitted); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation and citation omitted).

---

[1] Petitioner is entitled to the benefit of the "prison mailbox rule," which deems the papers of a petitioner who is in custody to be filed as of the date he gave the papers to prison authorities for mailing. *See Noble* v. *Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). For the purposes of the instant Order, the court will assume that petitioner gave prison authorities his submission on or before May 21, 2012.

2

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05 Civ. 6527, 2008 U.S. Dist. LEXIS 74488, at *3-4 (S.D.N.Y. Sept. 26, 2008) (internal quotation and citation omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotation and citation omitted), *aff'd*, 367 F. App'x 210 (2d Cir. 2010) (summary order).  Upon review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In reviewing a petition for *habeas corpus* relief, a federal court may only consider whether a person is in custody pursuant to a state court judgment in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).  The Antiterrorism and Effective Death Penalty Act of 1996 requires federal courts to apply a deferential standard when conducting *habeas corpus* review of

state court decisions.  *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010).  A petitioner is entitled to *habeas corpus* relief if he can show the state court decision "was contrary to, or involved unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

**II.  Application**

The relevant factual and procedural background of this case is set forth in Magistrate Judge Bloom's detailed Report and Recommendation.  (R&R at 1-6.)  In his Objections, petitioner argues that his constitutional rights were violated because:

> (1) His lineup was unduly suggestive.  (Objections at 2.)
>
> (2) Police failed to notify and/or provide counsel as required by the Sixth Amendment.  (*Id.* at 10.)
>
> (3) The trial court erred in denying a motion to sever three robberies.  (*Id.* at 13.)
>
> (4) The evidence at trial was legally insufficient to establish his identity as the perpetrator.  (*Id.* at 15.)
>
> (5) The consecutive sentences were unduly harsh and excessive.  (*Id.* at 17.)

A review of petitioner's purported objections shows that they consist almost entirely of restatements of petitioner's original allegations rather than specific objections to the R&R.  Indeed, other than the title of his

4

submission, petitioner does not even refer to Magistrate Judge Bloom's Report and Recommendation, let alone any portion of it. (*See generally id.*)  Having reviewed those portions of Magistrate Judge Bloom's thorough and well-reasoned Report and Recommendation, the court finds no clear error.  Still, the court has also considered the foregoing objections and undertaken a *de novo* review of the R&R, the underlying pleadings and factual record upon which it is based, and the relevant legal authorities.  Having conducted such review, and upon careful consideration of the plaintiffs' objections, the objections are overruled.

## **CONCLUSION**

For the reasons set forth above, petitioner's objections are overruled and Magistrate Judge Bloom's well-reasoned and thorough Report and Recommendation is adopted in its entirety as the opinion of the court. Accordingly, petitioner's petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, request to stay the case, and request to amend the petition are denied.  Because petitioner has not made a substantial showing of the denial of any constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this ruling would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Respondent shall serve a copy of this Order on petitioner and note such service on the docket by September 12, 2013.

**SO ORDERED.**

Dated:   September 10, 2013
         Brooklyn, New York

                                         /s/
                                    **Kiyo A. Matsumoto**
                                    United States District Judge
                                    Eastern District of New York